UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANIELLE MARIE GEGAS,
    Petitioner,

v.                      Case No: 6:22-cv-2299-PGB-EJK

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE,
    Defendant.
_____/

**Petitioner's Response to Order to Show Cause
and Incorporated Memorandum of Law**

Through undersigned, Petitioner responds to this Court's Order to show cause and states:

1. Undersigned apologizes for misreading the Court's Order.

2. Undersigned's error was neither willful, in bad faith, or an attempt to delay the proceeding.

3. Undersigned was out of the Country and ill when the Order was received and undersigned misread part of the Order.

4. Defendant had not yet been served but had agreed, as noted below, to be served electronically.

5. Undersigned finally recovered this weekend and is re-reviewing all orders and case documents.

1

6. Before filing this Action, undersigned had been in contact with Defendant's Counsel who agreed to accept service electronically.

7. Undersigned was waiting until his return to provide the Court's Order, Complaint, exhibits and other documents to Defendant's Counsel. All such documents will be sent within 24 hours and when received undersigned will coordinate with Defendant's counsel to timely file the Uniform Case Management Report, Consent to a Magistrate Judge, and any required discovery.

8. Today with this response Undersigned filed: (1) Petitioner's Certificate of Interested Persons and Corporate Disclosure Statement; and (2) Notice of Pendency of Other Actions.

## **Memorandum of Law**

Undersigned respectfully requests that the Court not dismiss this Action and allow it to be heard on its merits. Undersigned apologizes to the Court and will endeavor not to misread any further Orders. Undersigned erred in reading the Court's Order on December 19, 2022 while ill and out of the Country. The December 19, Order required a Certificate of Interested Persons and Notice of Pendency of Other Actions filed on or before January 3, 2023.

Undersigned intended to comply with the Order after conferring with Defendant's Counsel but was ill until January 20, 2023. Undersigned's error was neither willful, in bad faith, or an attempt to delay the proceeding. On January 9,

2

2023 the Court filed an Order to Show Cause requiring a response within 14 days, and filing a Certificate of Interested Persons and a Notice of Pendency. Within 14 days, undersigned complied by filing this response and the Certificate of Interested Persons and Notice of Pendency of other Cases.

Further, within 24 hours of filing this response and the required Certificate and Notice, undersigned will provide all documents, pleadings, exhibits, and orders to defendant's counsel by electronic service. While this Court may dismiss this action for undersigned's untimely filing(s), respectfully that would not permit the Petitioner the chance to right an injustice. Undersigned misread the Order while ill and outside the United States but undersigned did not do so willfully nor in a bad faith attempt to disregard a Court Order.

> Federal Rules of Civil Procedure 16(f) and 37(b)(2) allow the Court to sanction a party for failure to obey a pretrial order, including entry of a default against the offending party. *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 807-CV-535-T-33MAP, 2008 WL 3833950, at *1 (M.D. Fla. Aug. 15, 2008). ..Defaults, however, are disfavored because of the strong policy of determining cases on their merits. *Claytor v. Mojo Grill and Catering Co. of Beleview, LLC*, No. 5:14-cv-411-Oc-30PRL, 2015 WL 1538111, at *1 (M.D. Fla. Apr. 7, 2015) (citing *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993)). Generally, the sanction of default is considered a drastic remedy that should be resorted to "only if noncompliance is due to willful or bad faith disregard of court orders." *Glanzrock*, 2008 WL 3833950, at *1 (citing *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985))…[But] when a noncompliant party demonstrates "a flagrant disregard for the court," the "severe" sanction of default is not an abuse of discretion. *See id.* (citing *Aztec Steel Co.,* 691 F.2d at 481).
>
> See Poole v. Tire Recycling Services of Florida, Inc., 2:18-CV-810-SPC-MRM, 2019 WL 11506208, at *1–2 (M.D. Fla. Dec. 4, 2019)

Respectfully, in the absence of a willful disregard or bad faith, and because Defendant will be served within 24 hours electronically, Petitioner and Undersigned request that the Court accept the documents filed and permit this case to proceed.

## Certificate of Service

I certify that a true and correct copy of the foregoing certificate was filed via CM/ECF where a copy was provided to the Clerk. A copy of this Certificate will be provided to Defendant's Counsel by electronic service along with the Complaint, Exhibits, and Court Orders.

**Respectfully submitted this 22nd Day of January 2023**

> **The Florida Legal Advocacy Group of Tampa Bay**
>   /s/  *Adam S. Levine*
> Adam S. Levine, M.D., J.D.
> Florida Bar #78288
> 1180 Gulf Blvd., Suite 303, Clearwater, FL 33767
> (727) 512 – 1969 [Phone]
> (866) 242 – 4946 [Facsimile]
> aslevine@msn.com [Primary E-mail]
> alevine@law.stetson.edu (Secondary E-mail)
> Attorney for Petitioner