UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____
)
DANIELLE MARIE GEGAS, )
)
    Plaintiff, )
)
v. ) Civil Action No: 6:22-cv-2299-
) PGB-EJK
ST. MATTHEW'S UNIVERSITY )
SCHOOL OF MEDICINE, )
)
    Defendant. )
)
_____

**DEFENDANT ST. MATTHEW'S UNIVERSITY SCHOOL OF
MEDICINE'S REPLY IN SUPPORT OF MOTION TO DISMISS**

**Argument**

**I.   Plaintiff's opposition fails to save her breach of contract claims.**

Plaintiff's opposition to SMU's motion to dismiss Count I for breach of contract focuses almost exclusively on her argument that she achieved a 222 on the CCSE—allegedly the minimum score required by SMU to proceed to the Step 2 CK—and SMU still refused to certify her to take the Step 2 CK. *See* Resp., ECF No. 23, p. 9. Plaintiff's argument, however, is contradicted by the very email in which SMU allegedly conveyed the 222 minimum-score requirement. *See* Compl., ECF 2-14, p. 1. Specifically, SMU's June 8 email stated, in pertinent part:

> After successfully passing the NBME CCSE and NBME CCSSA, a portfolio containing Basic Science exam scores and GPA, Step 1 score(s) and Clinical Science exam scores will be forwarded to the school's certification committee for *consideration* of the Step 2 CK certification.

*Id.* (emphasis added). Thus, achievement of a 222 on the CCSE (along with all other prerequisites described in the June 8 email), merely meant that a student's records would be forwarded to SMU's certification committee for *consideration* of the Step 2 CK, and certainly did not result in automatic approval to take the Step 2 CK as Plaintiff suggests.

Plaintiff fails to point to any other contractual provision that SMU breached. Although Plaintiff argues that SMU did not disclose any CCSE minimum-score requirement in its Official Catalog, Plaintiff fails to acknowledge that SMU expressly *excluded* the Official Catalog from the parties' contractual relationship:

> **Disclaimer**
>
> *The information in this catalog is subject to change. Such changes may be without notice. Potential students should not consider this catalog to represent a contract between St. Matthew's University and an entering student.* Tuition, fees and other expenses are listed in US dollars, unless otherwise noted. The university disclaims any misrepresentation that may have occurred as a result of errors in preparation or typesetting of the catalog.

(ECF No. 2-11, p. 28 (emphasis added)).

Finally, Plaintiff attempts to piggyback her breach of contract claim to the breach of contract claim asserted by another student against SMU in a

2

separate lawsuit styled *Estrada v. St. Matthew's Univ.*, No. 6:20-cv-1763-CEM-EJK, In the United States District Court for the District of Florida. The allegations in *Estrada*, however, were drastically different (though equally false). In *Estrada*, the district court denied SMU's motion to dismiss the plaintiff's breach of contract claim, finding there was an issue of fact based on the plaintiff's allegations that SMU implemented the pretest requirements to "manipulate its student test scores to attract more prospective students" to SMU and to "enrich [SMU] and its affiliates." (ECF 23, Ex. A, at 9). Plaintiff alleges no such scheme by SMU in this case (nor could she make such an allegation in good faith, because it is false).[1] In any event, the district court's denial of SMU's motion to dismiss in *Estrada* was not a decision on the merits, nor is it binding on this Court given the different parties, allegations, and circumstances.

Simply put, even the documents on which Plaintiff relies to establish her breach of contract claim clearly demonstrate that simply achieving the alleged minimum score on the CCSE did not automatically result in approval to take

---

[1] Gegas alleges in a vague and conclusory fashion that she "believes" SMU does not allow its students to timely graduate based on a "business decision" to require that students remain longer, pay more tuition, fees, and living costs. (ECF No. 2, p. 11). Gegas, however, fails to support this barebones claim with any allegations of fact that would render it plausible, such as who made the business decision, when it was made, its substance, how it was memorialized, etc.

the Step 2 CK. Further, Plaintiff has failed to state a claim for breach of contract because her assertion that SMU acted in an arbitrary and capricious manner is devoid of merit. SMU could properly exercise its discretion to determine that Plaintiff had not demonstrated her readiness to pass the Step 2 CK after taking into consideration the number of times she took the CCSE (ECF 22, at 12); the overall trajectory of her scores, including the fact that her last score was lower than the penultimate score *Id.*; and the fact, as Plaintiff points out, the CCSE score is only predictive as to the general range of performance on the Step 2 CK exam, which even then a student on average will achieve only two-thirds of the time. *Id.*

## II. Plaintiff's opposition fails to save her claim for breach of the covenant of good faith and fair dealing.

The parties agree that breach of the implied covenant of good faith and fair dealing must attach to a specific contractual obligation. Resp. at 12 (citing *Mangravite v. Univ. of Miami*, 838 F. Supp. 2d 1326, 1332 (S.D. Fla. 2011)). Plaintiff's claim for breach of the implied covenant, however, does not identify any specific contractual obligation that SMU allegedly failed to perform in good faith and fair dealing. This alone is fatal to Plaintiff's claim. *See McKesson Corp. v. Benzer Pharmacy Holding LLC*, No. 8:20-CV-2202-T-33JJS, 2020 WL 7054682, at *4 (M.D. Fla. Dec. 2, 2020) (dismissing counterclaim for implied covenant of good faith and fair dealing based on changes made to an agreement

because, *inter alia*, the defendant "fail[ed] to identify a specific contractual term in the agreement that ha[d] been breached."); *Smalls v. New Penn Fin., LLC*, No. 8:20-CV-2312-WFJ-JSS, 2021 WL 1530840, at *5 (M.D. Fla. Apr. 19, 2021) ("To state a claim for breach of this implied covenant, the breach of an express term of a written contract must be alleged.").

Plaintiff attempts to save her claim for breach of the implied covenant via her response brief by alleging that she achieved the CCSE minimum score published by SMU but SMU continued to refuse to authorize her to take the Step 2 CK. (ECF No. 23, at 12). Plaintiff did not allege this as a basis for her breach of implied covenants claim in the complaint. As an initial matter, a party may not avoid dismissal by raising arguments not alleged in the complaint. *Guerrero v. Target Corp.*, 889 F. Supp. 2d 1348, 1356 (S.D. Fla. 2012); *see also Seropian v. Wachovia Bank, N.A.*, Case No. 10-80397-CIV, 2010 U.S. Dist. LEXIS 74864, 2010 WL 2949658, at *4 (S.D. Fla. July 26, 2010) (court refused to consider new claim pled in response to motion to dismiss where the claim was not pled in the original complaint).

Moreover, as described above in Section I, achievement of the alleged CCSE minimum score did not result in automatic authorization to take the Step 2 CK. Rather, it merely meant that Plaintiff would be entitled to *consideration* by SMU's certification committee for authorization to take the Step 2 CK. *See* Compl., ECF 2-14, p. 1. Thus, Plaintiff could not have a

reasonable expectation that she would be allowed to sit for Step 2 CK certification simply because she achieved the alleged CCSE minimum score.

### III. Plaintiff's opposition fails to save her claim under the FDUTPA.

Plaintiff's FDUTPA claim is premised upon the theory that SMU failed to disclose its CCSE requirement on its website and that SMU allegedly imposes a minimum score in excess of the test administrator, i.e., the NBME. (ECF No. 2, at 29-30. As set forth in SMU's response, Plaintiff cannot support her FDUTPA claim by reference to the website, because the website does not purport to contain, and need not contain, all the educational or testing policies of SMU. (ECF No. 22, p. 16 (citing *Kickertz v. New York Univ.*, 110 A.D.3d 268, 273 (N.Y. 2013) ("Plaintiff's [case] was correctly dismissed because plaintiff cannot establish that NYU had a duty to describe every aspect of its prospective graduation requirements and potential future curriculum changes in the dental program to applicants in precise detail.")).

Moreover, the exhibits to Plaintiff's complaint prove that her claim that SMU's minimum score exceeds the NBME's pre-test passing score requirement is incorrect. The NBME CCSE Score Interpretation Guide and NBME CCSE Reports attached as Exhibits C-D of the complaint *do not* identify any CCSE passing score promulgated by the NBME. Instead, reference is made *only* to the USMLE Step 2 CK passing score of 209. (*See* ECF No. 2-6, p. 1). Although the "CCSE score represents an *estimate* of your performance on Step 2 CK if you

6

had taken both exams under the same conditions and with the same level of knowledge," (*id.*) (emphasis added), the CCSE is "designed to be broadly appropriate as *part* of an *overall examinee assessment*" and "should not be used alone, but rather *in conjunction with other indicators of examinee performance in determination of grades.*" (ECF No. 2-5, p. 1) (emphasis added). Further, the standard error of estimate on the CCSE is 9 points, meaning if an examinee tested repeatedly under the same conditions on a different set of items covering the same content, his/her CCSE score would fall within one SEE of the current score two-thirds of the time. *Id.* In sum, there is no "passing" score on the CCSE, by its own terms the CCSE is intended to form only part of the overall examinee assessment (precisely as SMU utilizes the score), and scoring above a 209 on the CCSE is not a guarantee that the student will achieve a 209 on the Step 2 CK. Therefore, there is nothing misleading or unfair about declining to certify Plaintiff for the Step 2 CK even though she achieved the score allegedly required by SMU.

### IV.   Plaintiff's opposition fails to save her claim for fraud.

Plaintiff's claim for fraud is utterly devoid of the particularity required by Rule 9(b). In an effort to save her claim, Plaintiff argues in her opposition that SMU is liable for fraud because she achieved SMU's alleged CCSE minimum-score requirement and SMU still failed to authorize her to take the Step 2 CK. (ECF No. 23, at 14-15). However, as detailed above, this allegation

is contradicted by the express terms of the email. Further, Plaintiff does not and cannot contend she took any action in reliance on that communication to her detriment, because according to her pleadings, she had already enrolled in SMU, and more importantly was told that a passing score would only allow her *consideration* for certification of Step 2 CK. Thus, Plaintiff has failed to allege any statements in the Handbook (which expressly authorized SMU to impose additional pre-testing requirements) or other contractual documents were false.

## V. Plaintiff's opposition fails to save her claim for declaratory judgment.

"[The Declaratory Judgment Act] does not provide an independent cause of action or theory of recovery." *Feingold v. Budner*, No. 9:08-cv-80539-DTKH, 2008 WL 4610031, at *2 (S.D. Fla. Oct. 10, 2008) ("Declaratory judgments and injunctions are equitable remedies, not causes of action."). Thus, Plaintiff's claim should be dismissed because it is pled as a separate cause of action.

Beyond this threshold pleading defect, Plaintiff fails to identify a "real and present controversy" is required by the Federal Declaratory Judgment Act. 28 U.S.C. §2201(a); *see also People United for Medical Marijuana v. Florida Dept. of Health*, No. 2017CA001394, 2018 WL 2447102, at *5 (Fla. Cir. Ct. May 25, 2018) (a "declaration deals with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts"). Instead, Gegas seeks relief

as to alleged prior harms, and fails to specify what declaration she seeks as it relates to the parties' rights going forward.

## VI.   Plaintiff's opposition fails to save her claim for injunctive relief.

Injunctive relief must be predicated upon a cause of action. *Klay v. United HealthGroup, Inc.*, 376 F.3d 1092, 1097-98 (11th Cir. 2004). Moreover, the availability of injunctive relief is based on a plaintiff's ability to articulate a basis for relief that would withstand scrutiny under a motion to dismiss for failure to state a claim. *Id.* Plaintiff, however, fails to identify what claims she relies upon for injunctive relief. Without knowing the legal basis for Plaintiff's claim for injunctive relief, the Court cannot properly assess whether injunctive relief is available. *See Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) ("An injunction is a remedy potentially available only after a plaintiff can make a showing that some independent right is being infringed – if the plaintiff's rights have not been violated, she is not entitled to any relief, injunctive or otherwise." (quotation omitted)).

Moreover, the conduct Plaintiff alleges (delays in her education and career) do amount to irreparable harm. Such harm is adequately compensable by money damages. *See, e.g., Sharick v. Se. Univ. of Health Sciences*, Inc., 780 So. 2d 136, 141 (Fla. 3d DCA 2000) (allowing damages for loss of a medical degree); *see also Montague v. Yale Univ.*, No. 3:16-CV-00885(AVC), 2017 WL 4942772, at *4 (D. Conn. Mar. 8, 2017) (suffering a delay in education analogous

9

to a suspension can be remedied through monetary compensation); *Knoch v. Univ. of Pittsburgh*, No. 2:16-CV-00970-CRE, 2016 WL 4570755, at *8 (W.D. Pa. Aug. 31, 2016) ("The Court finds that while Plaintiff will suffer injury by not timely graduating because of his suspension, this injury is not irreparable"); *Baer v. Nat'l Bd. of Med. Examiners*, 392 F. Supp. 2d 42, 49 (D. Mass. 2005) ("inability to continue as a medical student without interruption at Drexel, while desirable, is not a harm that is irreparable to Baer's potential medical career."); *see also Hodges v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, No. CV 20-1456, 2020 WL 5017665, at *4 (E.D. La. Aug. 25, 2020) (collecting cases).

## Conclusion

For the foregoing reasons, Plaintiff's Complaint should be dismissed with prejudice.

Dated:  May 16, 2023            Respectfully submitted,

By      */s/ Dale A. Evans Jr.*
        Dale A. Evans Jr.
        Florida Bar No. 98496
        **LOCKE LORD LLP**
        777 South Flagler Drive
        East Tower, Suite 215
        West Palm Beach, FL  33401
        Telephone:  (561) 833-7700
        Facsimile:   (561) 655-8719
        dale.evans@lockelord.com

*Counsel for Defendant St. Matthew's University School of Medicine*

132954242

10