# EXHIBIT 1

AM 7692772.1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____
                                                                     )

DANIELLE MARIE GEGAS,          )

      Plaintiff,                          )

v.                                         )      Civil Action No: 6:22-cv-2299-PGB-EJK

ST. MATTHEW'S UNIVERSITY      )
SCHOOL OF MEDICINE,           )

      Defendant.                       )
_____

## DECLARATION OF MAURICE CLIFTON

1. I am currently the Chief Academic Officer at St. Matthew's University School of Medicine ("SMU"). In that capacity I have personal knowledge of the matters set forth in this Declaration.

2. SMU's Clinical Medicine Handbook, among other things, sets forth the requirements that students must meet in order to sit for the United States Medical Licensing Exams ("USMLE").

3. Students at international medical schools such as SMU must pass the USMLE in order to obtain certification from the Education Commission for Foreign Medical Graduates ("ECFMG"), which is necessary to practice medicine in the United States.

4. SMU's Handbook provides, in relevant part, that before SMU will approve a student to sit for the Step 2 CK exam, the student must demonstrate their readiness by successful performance on the Comprehensive Clinical Science Subject Exam ("CCSE") produced by the National Board of Medical Examiners ("NBME").

5. After the student takes the CCSE exam, SMU determines in its sole discretion whether the student is ready to take the Step 2 CK exam or needs additional remediation.

6. If a student demonstrates that their preparation for the Step 2 CK exam has been successful, the student then must sit for and pass Step 2 CK in order to become eligible to participate in the National Residency Matching Program ("the Match"), which is conducted annually.

7. Successful completion of the Step 2 CK, however, is just one element of several that must be satisfied in order to participate in the Match.

8. SMU's requirement that students achieve a strong score on the CCSE is to protect the student's ability to obtain a residency, *i.e.*, to successfully "match," following graduation from medical school.

9. Students who fail any USMLE exam, or who narrowly pass with only a low passing score, find it more difficult to obtain a residency.

10. Accordingly, SMU allows students to sit for an exam only when they have demonstrated that they have mastered the knowledge necessary to pass it successfully.

11. Over the years, SMU has used various methods for determining when students should be permitted to take the Step 2 CK.

12. SMU makes its own determination, and periodically adjusts, what it deems to be "satisfactory performance" on the CCSE. SMU carefully and continuously studies the scores that its students achieve on both the CCSE and the Step 2 CK. SMU wants to ensure that its standard for successful completion of the CCSE is a good predictor of successful performance on Step 2 CK. For this reason, SMU's cutoff for "satisfactory performance" on the CCSE is higher than the 209 score necessary to pass the Step 2 CK.

13. When Plaintiff took the CCSE on December 18, 2021, there was no CCSE minimum score in place at SMU; instead, a student's readiness to take the Step 2 CK was based on a range of factors of which satisfactory performance on the CCSE performance was but one component.

14. Students, like Plaintiff, who fail to show readiness are required to take additional step(s) to demonstrate comprehensive proficiency in the clinical sciences, including achieving satisfactory performance on the CCSE.

15. While Plaintiff's academic performance has been good enough to continue in the M.D. program at SMU, that is not the same thing as demonstrating

sufficient mastery to both pass Step 2 CK and "match." Grades in individual courses and rotations is not the same thing as demonstrating minimal competence overall in her studies in order to graduate and enter the Match.

16. Plaintiff's Medical Student Performance Evaluation ("MSPE") does not address Plaintiff's CCSE performance, nor is it a substitute for achieving a satisfactory score on the CCSE.

17. For this reason, Plaintiff has been doing remedial work, with SMU's assistance and support, in an effort to become ready for the Step 2 CK. SMU does not receive additional tuition and fees as a result of Plaintiff's failure to achieve a satisfactory score on the CCSE.

18. SMU provides remedial support for CCSE preparation at no additional charge to students. Students pay tuition for their basic science and clinical courses, and once that tuition is paid, there is no additional charge from SMU for remaining in the clinical program during remedial work and qualifying exams such as those Plaintiff is undertaking. Simply put, there is no financial advantage to SMU to withholding its approval for Plaintiff to take the Step 2 CK exam. In fact, the opposite is true. If solely motivated by financial gain, SMU would allow students from whom it has collected all tuition to sit for the Step 2 exams at their earliest opportunity. SMU does not do that; instead, it continues to work with students in an effort to give them the best chance at success.

5

19. SMU has communicated to Plaintiff on several occasions that it would allow her additional time to achieve a satisfactory score on the CCSE and provided input on and approval of Plaintiff's proposed study plan. Plaintiff, however, has not attempted the CCSE again since last taking it in July 2022.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 17, 2023.

_____
Dr. Maurice Clifton